UNITED STATES DISTRICT COURT
                            MIDDLE DISTRICT OF FLORIDA
                              JACKSONVILLE DIVISION


                                                    CASE NO.: 3:24-bk-02058-JAB
IN RE:                                        )
                                              )
SEPHANIE A. RONE,                             )
    Debtor.                                   )
_____)

**<u>DEBTOR'S EMERGENCY MOTION TO SET ASIDE DISMISSAL. REINSTATE CASE, RESCHEDULE THE 341 MEETING, AND EXTENSION OF AUTOMATIC STAY</u>**

    Debtor, Stephanie Rone**,** by and through undersigned counsel, hereby moves this Honorable Court to reinstate the above-captioned bankruptcy case, which was involuntarily dismissed on August 6, 2024 due to the failure to file a complete list of creditors. In support of this Motion, Debtor states as follows:

    1. On July 18, 2024, Debtor filed Petition for Bankruptcy to the Jacksonville Divion for Middle District of Florida Bankruptcy Court. The Petition included supporting Schedules A through J along with an attached Debtor's Creditor List.

    2. The Petition, supporting exhibits, and Creditor's List were drafted by bankruptcy software, Bestcase.

    3. The failure to file the list of creditors was the result of an unforeseen and inadvertent computer error with the software used to prepare and file the necessary bankruptcy documents.

    4. Despite Debtor's intention to comply with all filing requirements, the software malfunction prevented the complete list of creditors from being submitted to the Court at the initiation of the filing of the Case.

    5. During the period of July 18, 2024 through July 26, 2025 counsel was in trial on an unrelated matter.On July 29, 2024 , Counsel became aware that the Court failed to receive the Debtor's List of creditors, despite the List of Creditors being uploaded BestCase with the petition.

6. Thereafter, counsel reviewed the CM/ECF for creditors and observed that the Creditors were listed on CM/ECF creditors' list tab.

7. Even so, Counsel contacted Clerk regarding the filing of the Creditors List via Bestcase and Counsel's observance of the Creditors on the CM/ECF, the Clerk confirmed that the creditors had already been uploaded to the file.

8. On August 6, 2024, the Court issued Order of dismissal due failure to provide Creditors List. The Ordered provided that the case is dismissed without prejudice and without a discharge effective on the 15th day from entry of the Order. In addition, the Order stated that if Debtor files a motion to vacate or for reconsideration of this Order within 14 days of the date of this Order, and the automatic stay imposed by 11 U.S.C. § 362(a) or § 1301 is in effect when this Order is entered, the automatic stay shall remain in full force and effect until the Court rules on the Debtor's motion.

9. Subsequently, counsel attempted to manually upload the Creditor's List onto cm/efc without use of the Bestcase software. However, the Creditor's List was unable to be uploaded due to Java error. Specifically, counsel received error message that stated:

> Ecf.flmb.uscourts.gov
> You have to enter a string with length between 1 and 1000 (string, length:0)

10. In response, counsel took numerous steps to resolve the issue and to upload the Creditor's List as required, including the following:
    a. Change the format of the of document
    b. Attempt to upload via Mac and PC and different browsers
    c. Contacted IT support
    d. Email help desk concerning the error message and inquiry how to correct the issue to upload the creditors list
    e. Call the clerk and was informed to email help desk

11. On August 15, 2024, counsel was finally able to resolve the Java error and manually upload the Creditors list.

12. Debtor has acted in good faith throughout the bankruptcy process and has no intention of evading any obligations under the Bankruptcy Code.

13. The omission of the creditors' list was not intentional, and Debtor promptly took action to correct the issue upon discovering the error.

14. Reinstating the bankruptcy case will not prejudice the creditors or any other party involved in the proceedings, as the Debtor intends to fully comply with all bankruptcy requirements.

15. Immediately upon discovering the software error, Debtor worked with counsel to rectify the situation and prepare the complete and accurate list of creditors. In addition, counsel has confirmed with the clerk the the Creditor's List was successfully uploaded to CM/ECF.

16. Debtor respectfully requests that the Court vacate the order of dismissal and reinstate the bankruptcy case to allow Debtor to proceed with the bankruptcy process.

17. Reinstatement is necessary to ensure that Debtor can obtain the relief afforded under the Bankruptcy Code and address all outstanding debts in an orderly manner.

WHEREFORE, Debtor respectfully requests that this Court enter an Order vacating the dismissal order entered on [Date of Dismissal], reinstating the bankruptcy case, and granting such other and further relief as the Court deems just and proper.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed electronically by transmission of Notices of Electronic Filing generated by CM/ECF, this      day of August 2024.

Respectfully Submitted,
LH Frye Law
Attorney for Debtor
11028 NW 8th Ct
Plantation, Florida 33324
(786) 801-9455/ (954) 206-6714—FAX
E-Service:EsquireFrye@LHF-Law.org
**/s/ Lateshia Frye**
LATESHIA FRYE, ESQ.
FL Bar # 103300